**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
                          CAMDEN VICINAGE
```

|  |  |
|---|---|
| JUAN LUIS ABREU, : | |
| : | Civil Action No. 16-2932(RMB) |
| Petitioner, : | |
| v. : | **MEMORANDUM AND ORDER** |
| UNITED STATES OF AMERICA, : | |
| Respondent. : | |

This matter is before the Court upon Respondent's request (ECF No. 9) for an Order acknowledging Petitioner's waiver of attorney-client privilege by moving for relief from his conviction or sentence based on ineffective assistance of counsel, pursuant to 28 U.S.C. § 2255, and directing Assistant Public Defenders K. Anthony Thomas and Lori M. Koch ("Prior Counsel") to disclose to the Government information relevant to Petitioner's ineffective assistance of counsel claims.

A party waives his attorney-client privilege by asserting claims or defenses that put his attorney's advice in issue in the litigation. Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 863 (3d Cir. 1994); see, e.g., United States v. Pinson, 584 F.3d 972, 977-78 (10th Cir. 2009)("When a habeas petitioner claims that he received ineffective assistance of counsel, he puts

1

communications between himself and his attorney directly in issue, and thus by implication waives the attorney-client privilege with respect to those communications.")

Here, Plaintiff alleged ineffective assistance of counsel in a motion to vacate, correct or set aside the sentence under 28 U.S.C. § 2255, based on counsel's alleged failure to ask the Government or the Court for Fast Track treatment, ineffective assistance regarding a plea, and failing to argue for a variance at sentencing. Plaintiff has waived his attorney-client privilege with respect to the claims he alleged in his § 2255 motion.

IT IS THEREFORE on this **18th day of August, 2016,**

**ORDERED** that the Government may interview Prior Counsel at a mutually convenient time and place regarding the claims of ineffective assistance of counsel raised in Petitioner's § 2255 motion, and that counsel shall disclose to the Government information relevant to the ineffective assistance of counsel claim, including but not limited to discussions with Juan Luis Abreu and with the Government regarding plea negotiations, if any; and it is further

**ORDERED** that Prior Counsel shall provide an affidavit to the Court pertaining to any consultation with Juan Luis Abreu and any action taken with regard to the issues raised by Juan Luis Abreu in the § 2255 motion, including but not limited to discussions

2

with Juan Luis Abreu and with the Government regarding plea negotiations, if any; and it is further

**ORDERED** that Prior Counsel shall, if the Court orders a hearing on the § 2255 motion, give testimony including testimony concerning the claims of ineffective assistance of counsel raised in the § 2255 motion, including but not limited to discussions with Juan Luis Abreu and with the Government regarding plea negotiations, if any; and it is further

**ORDERED** that the Clerk shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail.

                                    s/RENÉE MARIE BUMB_____
                                    **RENÉE MARIE BUMB**
                                    **United States District Judge**